```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SANDRA BARNABY AS ADMINISTRATRIX
FOR THE ESTATE OF CAROL-ANN HENRY
and DEVON SMITH,

        Plaintiffs,

    - against -                                    05 Civ. 6235 (JGK)

                                                   OPINION AND ORDER

LORCELI ALVAREZ QUINTOS, M.D.,
et al.,

        Defendants.
_____

UNIVERSAL DIAGNOSTIC LABORATORIES,
INC., ARNOLD L. STATINGER, M.D.,
and MARLENE JEAN-BAPTISTE,

        Third-Party Plaintiffs,

    - against -

LORCELI ALVAREZ QUINTOS, M.D.,
and MT. VERNON NEIGHBORHOOD HEALTH
CENTER, INC.,

        Third-Party Defendants.
_____
```

**JOHN G. KOELTL, District Judge:**

The third-party defendants, Lorceli Alvarez Quintos, M.D. ("Quintos"), and Mount Vernon Neighborhood Health Center ("MVHC") (collectively the "Clinic defendants"), move to dismiss the third-party complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1

I.

This action was originally brought by the plaintiff in New York State Supreme Court, Bronx County, for medical malpractice. In addition to Quintos and MVHC, the state court action named as defendants the third-party plaintiffs, Universal Diagnostic Laboratories, Inc., ("Universal"), Arnold L. Statsinger, M.D., and Marlene Jean-Baptiste (collectively the "Lab defendants"). In December 2003, the Clinic defendants removed the action to this Court and the Government moved to have the United States substituted for the Clinic defendants because they were federal employees acting in the scope of their employment and could not be sued.[1] The only remedy available would be a suit against the United States under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 2679(b)(1).

The United States was substituted as a defendant and the action was dismissed against the United States without prejudice for failure to file an administrative claim as required by 28 U.S.C. § 2675(a). The case was remanded to state court against the remaining defendants, the Lab defendants. Thereafter, in May 2005, the Lab defendants filed a third-party complaint against the Clinic defendants in state court, and in July 2005 the Clinic defendants

---

[1] 42 U.S.C. § 233(g)(1)(A) provides that "an entity" receiving federal funds under 42 U.S.C. § 254b and "any officer, governing board member, or employee of such an entity...shall be deemed to be an employee of the Public Health Service." Quintos and the MVHC have been deemed federal employees under this provision since November 1994.

2

again removed the entire case to this Court pursuant to 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c).

## II.

The Clinic defendants now move to dismiss the third-party complaint for lack of subject matter jurisdiction under the doctrine of "derivative jurisdiction."  Under this doctrine, this Court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction.  The state court lacked jurisdiction because, under 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2679(b)(1), the third-party complaint against the Clinic defendants could only be brought against the United States in the federal district court.

The derivative jurisdiction doctrine has its roots in the Supreme Court's decision in Lambert Run Coal Co. v. Baltimore & Ohio R.R., 258 U.S. 377 (1922), in which the Court stated that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."  Id. at 382; see also Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981); Minnesota v. United States, 305 U.S. 382, 389 (1939); PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72-73 (2d Cir. 1998).

3

The Lab defendants respond that dismissal pursuant to a derivative jurisdiction theory would not be appropriate because that doctrine is no longer viable because it has been eliminated by 28 U.S.C. § 1441(f).  Alternatively, the Lab defendants argue that the state court had jurisdiction over the third-party claims because exclusive federal jurisdiction under the FTCA did not exist until the Attorney General of the United States, or his designee, certified the Clinic defendants as federal employees acting within the scope of their employment, the case was removed to federal court, and the United States substituted as defendant.

**III.**

With respect to the continuing viability of derivative jurisdiction, it is clear that 28 U.S.C. § 1441(f), first adopted in different form by Congress in 1985 (the "1985 amendment"), eliminated derivative jurisdiction for cases removed under 28 U.S.C. § 1441.[2]  Section 1441(a) authorizes removal for any civil action "brought in a State court of which the district courts of the United States have original jurisdiction."  This case, however, was removed to this court not under Section 1441, but under 28 U.S.C. § 1442(a)(1),[3] 28 U.S.C. § 2679(d)(2),[4] and 42 U.S.C. §

---

[2] Judicial Improvements Act of 1985, Pub. L. 99-336 § 3, 100 Stat. 633. The amendment eliminating derivative jurisdiction for cases removed under Section 1441 was first codified at 28 U.S.C. § 1441(e) and in 2002 was re-codified, as amended, at 28 U.S.C. § 1441(f).  Decisions prior to 2002 refer to 28 U.S.C. § 1441(e).
[3] 28 U.S.C. § 1442(a)(1) authorizes removal from state court by "[t]he United States or any agency thereof or any officer (or any

233(c).[5]  The Lab defendants' principal contention is that 28 U.S.C. § 1441(f) should be read to eliminate the doctrine not only for cases removed under 28 U.S.C. § 1441, but for all cases.  Such a reading, however, is foreclosed by the plain text and the history of the statute.

The 1985 amendment, originally codified at 28 U.S.C. § 1441(e), provided that

> "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

Judicial Improvements Act of 1985, Pub. L. 99-336 § 3, 100 Stat. 633.

In 2002, however, Congress again amended 28 U.S.C. § 1441, redesignating the paragraph added in the 1985 amendment, 28 U.S.C. § 1441(e), as 28 U.S.C. § 1441(f), and inserting a new subsection (e) (the "2002 amendment").  More importantly, Congress amended the

---

person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office."

[4] 28 U.S.C. § 2679(d)(2), a section addressing the exclusivity of the FTCA remedy, provides that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed...and the United States shall be substituted as the party defendant."

[5] 42 U.S.C. § 233(c), a section establishing procedures for civil actions against employees of the Public Health Service, provides that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any...civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States."

5

provision's text, replacing "The court to which such civil action is removed" with the words "The court to which a civil action is removed <u>under this section.</u>"  Pub.L. 107-273 § 11020(b)(3)(A), 116 Stat. 1758, 1827 (emphasis added).

As amended in 2002, therefore, 28 U.S.C. § 1441(f) reads:

> "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action was removed did not have jurisdiction over that claim."

28 U.S.C. § 1441(f).

In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code.

Accordingly, in the absence of a corresponding amendment to other removal provisions, such as 28 U.S.C. § 1442, every district court decision in this circuit to address the issue has found that derivative jurisdiction continues to be the rule under those provisions despite the 2002 and 1985 amendments to Section 1441. See <u>Singleton v. Elrac, Inc.</u>, No. 03 Civ. 4979 (JFK), 2004 WL 2609554 at *1-2 (S.D.N.Y. Nov. 16, 2004); <u>Gionfriddo v. Salaf</u>, 343 F. Supp. 2d 109, 111 (D. Conn. 2004); <u>Charles v. Inam</u>, No. 99 Civ. 12427 (SWK), 2001 WL 79900 at *1 (S.D.N.Y. Jan. 30, 2001); <u>Giuffre v. City of New York</u>, No. 00 Civ. 1517 (MBM), 2000 WL 557324 at *1

6

(S.D.N.Y. May 8, 2000); Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 353-55 (E.D.N.Y. 1999). Contrast Strychasz v. Maron Const. Co., Inc., No. Civ. 3:01 CV 2063 (PCD), 2002 WL 32500874 at *2 (D. Conn. Jul. 16, 2002) (noting that derivative jurisdiction was "eliminated to some extent" by the 1985 amendment, but declining to address the viability of derivative jurisdiction for cases removed under 28 U.S.C. § 1442 because the Government had cited 28 U.S.C. § 1441 as the basis for removal).

While the Court of Appeals for the Second Circuit has not, since the 1985 or 2002 amendments, directly addressed the continued viability of derivative jurisdiction for cases removed pursuant to provisions other than 28 U.S.C. § 1441, it has referred to derivative jurisdiction as a viable doctrine well after the adoption of the 1985 amendment. See PT United Can Co. Ltd., 138 F.3d at 72-73.[6]

Like the above-cited district courts in this Circuit, the majority of the Courts of Appeals to address the issue have continued to apply the doctrine of derivative jurisdiction where

---

[6] The Lab defendants' argument that the recent decision in Celestine v. Mt. Vernon Neighborhood Health Ctr., 403 F.3d 76 (2d Cir. 2005), should be read as an indication that derivative jurisdiction does not apply in suits removed under 28 U.S.C. § 2679 and 42 U.S.C. § 233 is unpersuasive. While the Lab defendants argue that the Court of Appeals would not have engaged in any analysis of the timeliness of certification or the administrative exhaustion requirement had derivative jurisdiction been available as a basis for dismissal, it does not appear that the Government advanced a derivative jurisdiction argument in Celestine, see id. at 78-79, and the Court of Appeals did not address the issue at all. In any event, the case was dismissed. Id. at 84-85.

Section 1441 is not the basis for removal.  See Kasi v. Angelone, 300 F.3d 487, 503 n.6 (4th Cir. 2002); Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998); In re Elko Co. Grand Jury, 109 F.3d 544, 555 (9th Cir. 1997); Edwards v. United States Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994).

The leading case to the contrary, heavily relied upon by the Lab defendants, is the decision of the Court of Appeals for the Eighth Circuit in North Dakota v. Fredericks, 940 F.2d 333, 336-38 (8th Cir. 1991).  The Fredericks court concluded that that Section 1441(f) should be read to eliminate the doctrine of derivative jurisdiction in all cases, including removal pursuant to 28 U.S.C. § 1444, the issue before that court.[7]  Id. at 336-37.  While the court acknowledged that the "the words of the statute clearly do not reach this far," it invoked the theory of "equity of the statute" in concluding that the best way to effectuate the basic purpose of Section 1441(f)[8] is to read it as a broader Congressional repudiation of derivative jurisdiction than the text of the statute alone might suggest.  Id. at 337.  Thus because "statutes are an authoritative expression of public policy...[t]hat policy should be hospitably received by the courts, and they are

---

[7] 28 U.S.C. § 1444 authorizes removal in actions relating to property on which the United States has a lien, brought against the United States under 28 U.S.C. § 2410.
[8] The provision now codified at 28 U.S.C. § 1441(f) was then codified at 28 U.S.C. § 1441(e).  See supra note 2.  As a result, the Fredericks court refers to "Section 1441(e)" to denote the provision eliminating derivative jurisdiction for removals under 28 U.S.C. § 1441.

8

free to apply it, absent good reasons to the contrary, in cases within the spirit of the enactment, but not within its letter." Id.

The 2002 amendment to Section 1441, adopted eleven years after Fredericks, clearly precludes a holding that 28 U.S.C. § 1441(f) itself eliminated derivative jurisdiction for cases removed pursuant to provisions other than Section 1441. Congress specifically limited the elimination of derivative jurisdiction to cases removed under Section 1441. Had Congress intended to abolish derivative jurisdiction altogether, it could have done so when amending Section 1441 again in 2002, but it chose to make it clear that the elimination of derivative jurisdiction was limited to cases removed under Section 1441.

**IV.**

The Lab defendants' alternative argument is that the doctrine of derivative jurisdiction does not apply in this case because the state court retained jurisdiction over the Clinic defendants until their certification as federal employees acting within the scope of their employment, actual removal, and substitution of the United States as defendant had all taken place.

The argument by the Lab defendants is unavailing. If the Lab defendants were correct, they would eliminate the doctrine of derivative jurisdiction in FTCA cases because it could always be argued that that the state court had jurisdiction when the federal

9

defendant was sued and only lost jurisdiction sometime thereafter, after the federal defendant was actually certified by the Attorney General as a federal employee acting with the scope of his office or employment at the time of the incident out of which the claim arose, see 28 U.S.C. § 2679(d)(2), removal had occurred, and a motion to substitute the United States had been decided. This would be contrary to those cases that have employed the doctrine of derivative jurisdiction to dismiss FTCA claims after their removal from state court. See, e.g., Singleton, 2004 WL 2609554; Gionfriddo, 343 F. Supp. 2d 109; Charles, 2001 WL 79900.

The Lab defendants rely on Thompson v. Wheeler, 898 F.2d 406 (3d Cir. 1990), to support the argument that the state court had jurisdiction over the third party claim when it was removed and, therefore, derivative jurisdiction is not applicable. Thompson is an unusual case and does not support jurisdiction in the state court in this case. In Thompson, a lawsuit including a third-party claim against a federal employee was removed to federal court under 28 U.S.C. § 1442 and was thereafter dismissed on the merits based upon a prior settlement. On appeal, the Court of Appeals expressed doubt about whether the case was properly removed under 28 U.S.C. § 1442 and re-characterized it as removed under 28 U.S.C. § 2679(d). The Court noted that other courts had dismissed cases removed under Section 2679(d) because the federal courts had exclusive jurisdiction to hear FTCA claims and the state courts lacked

subject matter jurisdiction over such claims.  See Thompson, 898 F.2d at 409 n.2.  The Court of Appeals did not question those cases and those cases require dismissal here.  The Thompson court distinguished those cases because the court found that federal jurisdiction under Section 2679(d) lies only after the Attorney General certifies the federal employee as acting with the scope of his employment.  Id.  The "possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction."  Id.  Whatever the merits of that position, Thompson was a case where the notice of removal was not based on Section 2679(d).  In this case that was one of the sections pursuant to which the case was removed, and the Attorney General had already certified that the Clinic defendants were federal employees acting within the scope of their employment in December 2003, prior to the dismissal of the case against those defendants for failure to exhaust administrative remedies.  Thus, the state court lacked jurisdiction at the time the case was removed in July 2005.[9]

The Attorney General's initial certification of the Clinic defendants on December 1, 2003, remained in force at the time the

---

[9] The Lab defendants argue that, although certification had already taken place in Thompson as well, the Court of Appeals found that the state court had jurisdiction.  The certification in Thompson, however, was in a separate lawsuit that had been settled.  In this case the chain of the litigation is unbroken.  Moreover, in Thompson the Court of Appeals plainly viewed the prospect of certification as only a "possibility" at the time the case was removed under Section 1442.  Thompson, 898 F.2d at

11

third-party complaint was filed and at all times thereafter, and as a result, the state court did not have jurisdiction over the case at the time of its second removal to this Court.  Therefore, there is no basis for holding that derivative jurisdiction is inapplicable in this case.

## CONCLUSION

For the reasons stated above, the Government's motion to dismiss the third-party complaint for lack of subject matter jurisdiction is **granted**.  The third-party complaint is **dismissed**, without prejudice, and the remainder of the case is again **remanded** to the New York State Supreme Court, Bronx County.  The Clerk is directed to enter a judgment and close this case.

**SO ORDERED.**

**Dated: New York, New York
       December 5, 2005**     _____
**John G. Koeltl
United States District Judge**

---

409 n.2.

third-party complaint was filed and at all times thereafter, and as a result, the state court did not have jurisdiction over the case at the time of its second removal to this Court. Therefore, there is no basis for holding that derivative jurisdiction is inapplicable in this case.

## CONCLUSION

For the reasons stated above, the Government's motion to dismiss the third-party complaint for lack of subject matter jurisdiction is **granted**. The third-party complaint is **dismissed**, without prejudice, and the remainder of the case is again **remanded** to the New York State Supreme Court, Bronx County. The Clerk is directed to enter a judgment and close this case.

**SO ORDERED.**

**Dated: New York, New York
December 3, 2005**

_____
John G. Koeltl
United States District Judge

409 n.2.